**TRUSTEES OF THE FLINT AREA SHEET METAL WORKERS HEALTH AND WELFARE FUND, Sheet Metal Workers Local No. 533 Pension Fund, National Training Fund, and Journeyman and Apprentice Fund, Plaintiffs,**

v.

**C3 MECHANICAL, INC., Defendant.**

No. 05–10321.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 26, 2006.

Steven F. Spender, Dawn M. Weier, Spender, Robb, Flint, MI, for Plaintiffs.

### *ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION*

LAWSON, District Judge.

The plaintiffs in this case previously moved for a default judgment requiring the defendant to make unpaid contributions and pay interest, liquidated damages, and attorney fees and costs in this action to collect employee benefits brought under the Employee Retirement Income Security Act of of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq.* Following a court-ordered audit of the defendant's books and records, a hearing was held on June 19, 2006 to determine the amount of the final judgment. At the hearing, the Court ruled that the plaintiffs were not entitled to both interest and liquidated damages. On June 22, 2006, the plaintiffs filed a motion for reconsideration, arguing that the Court was not correct in imposing this limitation. After due consideration, the Court agrees.

Section 502(g)(2) of ERISA states,

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2). At the hearing on June 19, 2006, the Court read subsection (C) as limiting the plaintiffs to either interest or liquidated damages. However, a more careful reading of the statute convinces the Court that the plaintiffs are entitled to interest under section 502(g)(2)(B) plus an additional amount equal to the greater of unpaid interest or liquidated damages under section 502(g)(2)(C)(i) & (ii). Other courts have read the statute in this way and allowed plaintiffs to take either interest and liquidated damages, or double interest. "This section contemplates a mandatory assessment of interest on the unpaid contributions. In addition, the section contemplates a remedial award in the form of either liquidated damages or a second assessment of interest on the unpaid contributions (the so-called 'double-interest penalty')." *Laborers' Pension Trust Fund–Detroit and Vicinity v. Family Cement Co.,* 677 F.Supp. 896, 899 (E.D.Mich.1987).

There are no published Sixth Circuit cases addressing this issue, but an unpublished decision notes that a plaintiff is entitled to double interest under the law:

> Defendants next argue that the plan contains no provision mandating liquidated damages, and therefore, it was error for the district court to award any. The district court did not award liquidated damages; rather, it awarded additional interest in lieu of liquidated damages as § 1132(g)(2) mandates it do. Section 1132(g)(2) requires the court to award the plan the greater of the additional interest equivalent to the interest on unpaid contributions or the liquidated damages provided for in the plan. Because the plan does not provide for liquidated damages, the greater of the two is the amount equal to the interest on unpaid contributions. Accordingly, defendants' argument fails.

*Iron Workers' Local No. 25 Pension Fund v. MCS General Contractors, Inc.*, 229 F.3d 1152 (table), 2000 WL 1276830, *7 (6th Cir.2000) (unpublished). Other circuits have come to the same conclusion. *See Carriers Container Council, Inc. v. Mobile S.S. Ass'n, Inc., Int'l Longshoreman's Ass'n AFL–CIO Pension Plan and Trust*, 948 F.2d 1219, 1222 (11th Cir.1991) (holding that "the plan may be entitled to double the amount of interest on unpaid withdrawal liability payments (*i.e.*, the liability provided for unpaid contributions), once under § 1132(g)(2)(B) and again under § 1132(g)(2)(C)(i)"); *Iron Workers Dist. Council of W. New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir.1995) (observing that "[c]onsistent with these congressional and judicial statements of purpose, the Fifth, Seventh, Eighth, and Ninth Circuits have held or indicated that an employer cannot escape its statutory liability for interest, liquidated damages or double interest, attorney fees, and costs simply by paying the delinquent contributions before entry of judgment in a § 1132(g)(2) action brought to recover delinquent contributions"); *see also Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710, 720–21 (7th Cir.2005) (stating "Svec is required to pay interest and double interest on the delinquent contributions. *See* 29 U.S.C.A. §§ 1132(g)(2)(B), (C)"); *Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Const. Co., Inc.*, 767 F.2d 1170, 1172 (5th Cir.1985) (holding that "[t]hese provisions of Section 306 were codified as 29 U.S.C. § 1145 (requiring an employer by statute to make contributions according to the terms of a plan) and as 29 U.S.C. § 1132(g)(2) (which provided for *mandatory* assessment of interest, penalty (an amount equal to the interest), and reasonable attorney's fees), when an action is filed to enforce the employer's obligation to make payments in accordance with the terms of the plan").

Finally, the legislative history shows that Congress intended double interest as a penalty:

> "A plan sponsor that prevails in any action to collect delinquent contributions will be entitled to recover the delinquent contributions, court costs, attorney's fees, and double interest on the contributions owed. The intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies."

*Board of Trustees of Hotel and Rest. Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 803 (D.C.Cir.1998) (quoting Staff of Senate Committee on Labor and Human Resources, 96th Cong., 2d Sess., S. 1076: The Multiemployer Pension Plan Amendments Act of 1980: Summary and Analysis

of Consideration, at 43–44 (Comm. Print 1980)). *See also Iron Workers Dist. Council,* 68 F.3d at 1506.

 The plaintiffs have filed their motion as one for reconsideration under E.D. Mich. L.R. 7.1(g)(3), but the Court views the motion as one to alter or amend the judgment orally granted from the bench at the hearing on June 19, 2006. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties have been misled, and (3) the correction of which will result in a different disposition of the case. L.R. 7.1(g)(3). A "palpable defect" is a defect which is "obvious, clear, unmistakable, manifest, or plain." *Smith v. Mount Pleasant Pub. Schs.,* 298 F.Supp.2d 636, 637 (E.D.Mich. 2003). Federal Rule of Civil Procedure 59(e) allows the Court to alter or amend a judgment if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).

The Court finds that the denial of both liquidated damages and interest was based on a clear error of law, which constituted a "palpable defect" in the Court's prior ruling. Therefore, the motion for reconsideration will be granted.

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration of the order entered June 19, 2006 [dkt # 22] is **GRANTED.** The plaintiffs may recover as damages both interest on the unpaid contributions and liquidated damages. The liquidated damages shall not exceed twenty percent of the amount of the unpaid contributions.

It is further **ORDERED** that the plaintiffs may submit a new proposed judgment to the Court reflecting these amounts **on or before October 3, 2006.**